## Commonwealth ex rel., Appellant, *v.* Jacobs.

*Public officers—Clerk of the quarter sessions—Compensation—Fees—Advertising liquor licenses.*

The entire sum of $5.00 paid to the clerk of the court of quarter sessions of Montgomery county, by applicants for liquor license is not a fee to be credited by the county to the clerk in fixing his salary, but only such portion of that sum is to be so credited which remains after the advertising of liquor licenses has been paid for.

Argued Dec. 3, 1913. Appeal, No. 221, Oct. T., 1913, by plaintiff, from judgment of C. P. Montgomery Co., March T., 1913, No. 174, for defendants in case of Commonwealth ex rel. James A. Stretch v. John N. Jacobs, Controller of Montgomery County, and James Krewson et al., County Commissioners. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Demurrer to petition for mandamus.

WEAND, J., filed the following opinion:

Plaintiff is the clerk of the court of quarter sessions of Montgomery county, and as such he is required, by the Act of July 30, 1897, P. L. 464, to advertise all applications for liquor licenses in two newspapers designated by the clerk. Each applicant for a license, on filing his application must pay $5.00 to the clerk for expenses connected therewith. Plaintiff received and paid

into the county treasury, in 1912, the sum of $4,328.48, including the $5.00 from each applicant so received.

In settling his account the county controller deducted the clerk hire and cost of advertising the license applications, viz.:—$210, and credited plaintiff with the difference. The plaintiff claims that he is entitled to the entire amount of $5.00 as a fee of his office—the controller claims that plaintiff is only entitled to what remains after paying for the advertising.

A mandamus issued—the defendants demurred and thus the question is brought before the court for decision.

Under the law relating to Montgomery county, the clerk of the court of quarter sessions is allowed a salary of $4,000 per annum, provided the net fees of his office are sufficient in amount to pay the same.

In 1912 there was paid to the clerk $2,438.48. In addition to this there was paid for salaries to deputies $140 per month, for twelve months, making a total of $1,680. The respondents paid the sum of $210 for advertising the liquor licenses. The relator claims this sum of $210 paid by the respondents for advertising should not have been deducted from the receipts of the said relator, and that the sum is due and payable to him as representing fees received and earned by him.

The question for decision is—shall the $5.00 paid by applicants for liquor licenses be considered fees or expenses?

If fees, the clerk is entitled to receive them and the county must pay for the advertising. If expenses, the county is relieved from payment of so much as may be necessary, and the fees of the office are correspondingly reduced; or, as stated by the respondents, "Is the entire sum of $5.00 paid to the clerk of courts by applicants for liquor licenses a fee under the law to be credited by the county to the clerk in fixing his salary, or is only such portion of that sum as remains after the required advertising is paid for, such a fee?"

The Act of March 31, 1876, sec. 6, P. L. 13, says:

"All salaries fixed by this act (except in the case of such officers as may be otherwise provided for herein) shall be paid from the amounts paid into the proper county treasury from the respective offices, after ascertaining and deducting the amount due the deputies and clerks in such office, and if there has not been a sum sufficient from fees received and paid in, or earned and due by the county for services rendered to pay the full amount of the salary of any officer holding any of said officers, after deducting the amount due the deputies and clerks, such officers will receive only such proportion of his salary as shall be equal to the aggregate of the net fees received and earned by him, as aforesaid, during his term of office, during such month: Provided that if the fees in any subsequent month or months shall exceed the amount of the expense and salary, as aforesaid, for such month, the deficit of such salary from such preceding month, shall be made up from such excess."

The solicitor for respondents also cites the Act of May 17, 1901, P. L. 261, as bearing on the subject, but that act only amended sec. 16 of the act of 1876, and did not refer to sec. 6.

It is earnestly contended by counsel for relator that no subsequent act has changed the act of 1876 and that the only deductions from the receipts of the office are the salaries or amounts paid to the deputies and clerks and in support of his contention cites two cases which he claims sustain him.

The first case is Schuylkill County v. Shoener, 205 Pa. 592, the syllabus reading: "The fee of $5.00 which the Act of July 30, 1897, P. L. 464, requires an applicant for a liquor license to pay to the clerk of the court of quarter sessions when he files his petition, is a fee of the office and like all other fees belongs to the county, in counties containing over 150,000 inhabitants."

This is true in that it is a fee to be paid into the county treasury by the clerk, but nevertheless, may be subject to deductions.

The question before the court was "A case stated to determine whether the defendant, clerk of the courts of Schuylkill county, has the right to retain as fees of his office the money received from applicants for liquor licenses under the Act of July 30, 1897, P. L. 464." The question was not whether the entire $5.00 belonged to the clerk, but whether he must not first pay it into the county treasury, and the judgment was in favor of the county.

In the case stated it was provided, inter alia, "If the court be of the opinion that the said John T. Shoener, clerk of the courts of Schuylkill county, had a right to retain the said $5,380, he the said John T. Shoener, paying all expenses for services rendered, advertisements, etc., incident thereto and had the right to retain the balance as his special fee in addition to his salary under the act of 1876 and its provisions, and that said sum of $5,380 derived under said act of 1897, was not an earning of the office, and he was not required to pay it into the county treasury, then judgment to be entered for the defendant, etc."

We think this was a distinct admission that from the amount collected the cost of advertisement was to be deducted.

As the whole amount must be paid into the treasury the deductions must be made by respondents. The case in our opinion does not decide that the county shall pay for the advertisement. This case was followed in Luzerne County v. Kirkendall, 209 Pa. 116.

The counsel for relator cites the unusual duties required of the clerk in addition to those required when the act of 1876 was in force as bearing on the merits of the clerk's claim, but when the relator assumed his office he knew what the law required of him and how he was to be paid. The framers of the acts of 1887 and 1897 also knew the prior law and could not have had in view a condition applicable in 1876 when the new laws imposed additional duties on the officer and additional expenses of the office.

Judge MARR in his opinion says: "The act of 1897 places no unusual duties on the clerk except empowering him to designate the papers in which the license advertisements are to be published, in which respect it differs from former acts and the reasons for the change. may well be imagined, as being for political and revenue purposes of a private character, than for any public good."

The next case upon which the relator relies is Com. v. Controller, 60 Pittsburg Leg. J. 453.

The Act of July 30, 1897, P. L. 464, was amended by the Act of April 27, 1903, P. L. 317, by adding the following: "Provided, further that in counties having a population of more than five hundred thousand and less than one million, the cost of advertisement shall be paid out of the general funds of the county, and not be deducted from the $5.00 provided in this section to be paid by such applicant.

"Allegheny County had a population of over one million and therefore the proviso did not apply; nevertheless, the court held that under the act of 1876 the county was still liable for the cost of advertising. The ground of the decision is that "the act of 1876 is explicit that in determining whether the salary has been earned there shall be deducted the amount due the deputies and clerks and we find nothing in the other acts changing this provision."

We cannot agree with this conclusion. When the legislature by the act of 1903 mentioned certain counties in which the cost of advertising was to be paid out of the general funds of the county, they must have intended that in all counties it should not so be paid.

If all counties were chargeable with the cost of advertisement, why was it necessary to say that only certain counties should be liable? By exempting some they imposed a liability on others by implication.

In Com. v. Fry, 183 Pa. 32, the question was whether the receipts for liquor licenses were subject to taxation.

VOL. LVI—12

In the course of the opinion Mr. Justice GREEN said: "As to the question whether the sum paid to the clerk of the sessions in liquor license cases is to be regarded as 'fees' within the meaning of the acts which tax fees, we think there is no doubt. While the acts of 1887 and 1897 both designate the payment as being made for 'expenses,' it is a payment to the clerk which he is at liberty to keep, taking credit against it for actual expenses paid, and the balance is therefore an emolument of the office, and under the taxing laws must be regarded as a part of the income of the office." We consider that a declaration that what the clerk receives is what is left after paying for advertising. If he had paid the whole receipts to the county treasurer he could only have been taxed what was remaining after the cost of advertising had been subtracted—this balance being "the emolument of the office."

In Phila. v. Wright, 12 Phila. 467, it was ruled that "the moneys received and disbursed for advertising by the sheriff are not fees which by the act of 1876 are to be paid into the treasury." It was said by the court, "surely in no sense can it be asserted that money which is to be paid for printing and advertising, prescribed by law, is to be treated as a fee, emolument or compensation to the sheriff for his service. In its very nature it is to be paid to printers and others for their services. That such expenses are not "fees" is too plain to need elaboration. We think a plain reading of the acts sustains our construction. The clerk is to advertise—this is an expense—the applicant is to "pay five dollars for expenses connected therewith," plainly referring to the expense of advertising. It is as if it read "the clerk is to advertise and to pay for the expense of advertising, the applicant shall pay five dollars."

The proviso to sec. 3 of the Act of July 30, 1897, P. L. 464, reads: "The amount to be paid for such advertisement shall not in the aggregate exceed five dollars provided in this section to be paid by such applicant for

expenses," thus connecting the $5.00 with the advertisement.

Our attention has not been called to any statute which imposes the cost of advertising a license application upon the county. "At common law no money can be drawn from the public treasury except by virtue of a statute:" Wayne County v. Waller, 90 Pa. 99.

And now, June 16, 1913, demurrer sustained and judgment for defendant on the demurrer with costs and mandamus refused.

*Error assigned* was the judgment of the court.

*Theodore Lane Bean,* for appellant.

*John Faber Miller,* for appellees.

OPINION BY ORLADY, J., February 20, 1914:

A writ of alternative mandamus was issued at the instance of James A. Stretch, clerk of courts of Montgomery county, to require the payment to him by the defendants of a certain sum of money alleged to be due to him as salary. An answer was filed by the respondent to which the plaintiff filed a demurrer, and after a full hearing before the court a judgment was entered in favor of the defendants and the mandamus refused.

Every phase of the question raised by this appellant in this court was fully considered, and we think rightfully decided, in the opinion filed by the court below (WEAND, J.), and this judgment is affirmed for the reasons given therein.